Walter K. Pyle (Bar No. 98213)
2039 Shattuck Avenue, Suite 202
Berkeley, CA 94704-1116
(510) 849-4424
*Attorney for Petitioner*

E-filing

ORIGINAL FILED
SEP 1 4 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAINT DEJUAN MOORE,

                *Petitioner,*

v.

BEN CURRY, Warden,

                *Respondent.*

No. C07-04736 JSW

PETITION FOR WRIT OF
HABEAS CORPUS
[28 U.S.C. §2254]

Petitioner is being held by respondent, Ben Curry, Warden of the California Training Facility, Soledad, in violation of his federal constitutional rights, as is more fully set forth below.

### 1. The State Conviction and Sentence

The evidence at petitioner's trial showed that two men attempted to rob a man coming out of an Oakland, California, currency exchange, and assaulted the man's wife when she came to his aid. The would-be robbers fled on foot and got into a white car with dark windows and chrome rims. The victims followed in their own car and copied down the license number (4 WCE 642) on an envelope, but then lost sight of the car.

Approximately two minutes later they came upon what they thought was the same car in a Wendy's parking lot, several blocks down International Boulevard. The two defendants were in the car. The car at Wendy's, however,

*Petition for Habeas Corpus*

had a different license number (2 VVM 660) from the one the witnesses had copied down, a fact that was called to the witnesses' attention at the time by the 911 operator.

Nevertheless, the defendants were arrested and prosecuted.

Neither testified at trial. Both were convicted; petitioner was also convicted of illegally possessing a firearm that was recovered when the car was stopped by police. Petitioner was sentenced to 5 years, 4 months in prison, and is presently held in custody by the respondent warden.

## 2. Petitioner Has Exhausted His State Remedies

Petitioner appealed his conviction (California Court of Appeal No. 111014) and thereafter presented the issues in this petition to the California Supreme Court (No. S150024), and on March 14, 2007 the court denied petitioner's request for discretionary review.

## 3. No Prior Writs; No Adequate Legal Remedy

No other petition for habeas corpus or other extraordinary relief has been filed by petitioner in connection with the facts stated herein. Petitioner has no other plain speedy or adequate remedy at law but for this petition for habeas corpus.

## 4. Grounds for Relief

Petitioner's defense was misidentification. The only evidence that petitioner was involved in the assault was the testimony by the victim and his family that petitioner was one of the assailants who fled in the white car. The difference in the two license plate numbers was never explained by the State, and a reasonable jury could have concluded that the State's witnesses were mistaken in their identification of petitioner.

2

*Petition for Habeas Corpus*

However, the prosecutor's closing argument deprived petitioner of a fair trial.

First, the prosecutor told the jury that the witnesses called by the prosecution "were honest" and that they were asked to "tell the truth" and they "told you that." This constituted improper vouching by the prosecutor for the credibility of the State's witnesses. The comments also suggested that the prosecutor had information *dehors* the record about facts relevant to the witnesses and the case. The California Court of Appeal, however, ruled that the prosecutor was merely commenting on the credibility of the witnesses, "based on their testimony and demeanor during trial." This was an unreasonable application of the facts to the law.

Second, the prosecutor argued to the jury that the defendants did not call "logical witnesses" or present alibi witnesses to show where they were at the time of the crime. The evidence showed that only two minutes had elapsed between the time the victims lost sight of their assailants' car and the time they spotted the two defendants in a similar car several blocks away. Under those circumstances, the only *possible* witnesses who could have given evidence as to where the defendants were in the several minutes before their arrest were the defendants themselves. The prosecutor's remarks, under the circumstances of this case, were therefore an improper comment on the failure of the defendants to testify, which is prohibited under *Griffin v. California*, 380 U.S. 609 (1965) [due process violation for prosecutor to comment on defendant's failure to testify].) The California Court of Appeal ruled that "[t]he prosecutor's comments are not *Griffin* error but a legitimate comment on the lack of defense alibi evidence." This was an unreasonable application of *Griffin* to petitioner's case.

3

*Petition for Habeas Corpus*

Third, the prosecutor also told the jury that the presumption of innocence had previously disappeared at the close of the evidence. This denigrated the presumption of innocence and requirement of proof beyond a reasonable doubt. The Court of Appeal, however, ruled that this was "no error." This was an unreasonable application of the law to petitioner's case.

Finally, the prosecutor suggested to the jury that if the jury found the defendants not guilty, they would be sending the defendants back into the community "to prey on other people in our community." The court sustained an objection, but merely told the prosecutor to "move on." At the close of the prosecutor's argument, the judge did tell the jury that they should not consider the potential for "future harm," and "that" should not have been part of the prosecutor's argument. Such a mild and vaguely-worded admonishment was insufficient to tell the jury they should disregard the specific remark by the prosecutor, or to disabuse them of the prosecutor's suggestion that the jury could legitimately base their verdict on their fear of crime and sense of responsibility for additional crimes, rather than on the evidence presented. The Court of Appeal agreed that the prosecutor's remark was improper, but ruled that the admonition of the court cured any error.

The prosecutor's closing argument, taken as a whole, deprived petitioner of due process of law under the Fourteenth Amendment, as announced in *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-643 (1974) [sufficiently egregious conduct by prosecutor makes the conviction a denial of due process]. The California court's ruling was contrary to, and an unreasonable application of, *Donnelly v. DeChristoforo*.

To the extent defense counsel did not object to the second and third improper comments by the prosecutor, the errors are nevertheless preserved because (a) the state appellate court actually ruled on the issues, and (b) in any

4

*Petition for Habeas Corpus*

event there could be no tactical reason not to object, and counsel's failure to object constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 685-686 (1984).

For the foregoing reasons petitioner is being held in custody in violation of the Fifth Amendment right to remain silent, the Due Process Clause of the Fourteenth Amendment and the Sixth Amendment right to effective assistance of counsel. The rulings by the California Court of Appeal were unreasonable applications of, and contrary to, federal law as established by Supreme Court precedent.

WHEREFORE, petitioner prays that this Court:

(a) Take judicial notice of the record in petitioner's superior court case and the related appellate record in the California Court of Appeal and California Supreme Court;

(b) Order respondent to show cause why petitioner is not entitled to the relief prayed;

(c) After full consideration of the issues raised in this petition, issue a writ of habeas corpus commanding the State to either release petitioner or retry him within a reasonable time; and

(d) For such other relief as may be just.

_____
Walter K. Pyle
*Attorney for Petitioner*

5

*Petition for Habeas Corpus*

## VERIFICATION

I, Walter K. Pyle, am the attorney for petitioner in this case. I represented petitioner throughout his appeal in the State courts and reviewed the record on appeal in its entirety.

The foregoing petition is based upon the facts appearing in the record in his State appeal, and I have personal knowledge thereof.

I declare under penalty of perjury that the foregoing is true and correct.
September 13, 2007

_____
Walter K. Pyle